1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   CARLOS ALBERTO MUNOZ,                         1:10-cv-00204-SMS (HC)

10                              Petitioner,        ORDER TO SHOW CAUSE WHY PETITION
                                                  SHOULD NOT BE DISMISSED FOR LACK
11        v.                                       OF JURISDICTION

12                                                 [Doc. 1]
     PEOPLE OF CALIFORNIA,
13
                               Respondent.
14   _____/

15
         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
16
     pursuant to 28 U.S.C. § 2254.
17
         Petitioner filed the instant petition on February 9, 2010, and challenges a rules violation
18
     he received while incarcerated at Avenal State Prison.  The Court has reviewed the petition and
19
     finds it is without jurisdiction.
20
     I.     Failure to Name Proper Respondent
21
         A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
22
     officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules
23
     Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
24
     California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
25
     custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
26
     incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.
27
     United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,
28

1

1    21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

2    is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

3    probation or parole, the proper respondent is his probation or parole officer and the official in

4    charge of the parole or probation agency or state correctional agency.  Id.

5         In this case, petitioner names the People of the State of California as Respondent.

6    Although Petitioner is currently in the custody of the State of California, the State cannot be

7    considered the person having day-to-day control over Petitioner.

8         Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

9    for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

10   1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

11   Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect

12   by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,

13   1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

14   (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

15   Washington, 394 F.2d 125 (9th Cir. 1968) (same).

16   II.    Exhaustion of State Court Remedies

17        In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the

18   California Supreme Court.

19        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

20   a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

21   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

22   opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

23   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

24   1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

25        A petitioner can satisfy the exhaustion requirement by providing the highest state court

26   with a full and fair opportunity to consider each claim before presenting it to the federal court.

27   Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

28   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

1   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

2   factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

3   basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

4   Additionally, the petitioner must have specifically told the state court that he was raising a

5   federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

6   F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

7   violated his due process rights "he must say so, not only in federal court but in state court."

8   Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

9          Because it is unclear what, if any, claims presented in the instant federal petition for writ

10  of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show

11  cause regarding exhaustion.  If possible, Petitioner should present to the Court documentary

12  evidence that the claims were indeed presented to the California Supreme Court.[1]

13         Accordingly, it is HEREBY ORDERED that:

14  1.      Within thirty (30) days from the date of service of this order, Petitioner shall show

15          amend the petition to name a proper Respondent and show cause as to what

16          claims, if any, were presented to the state's highest court; and

17  2.      Failure to comply with this order may result in the action be dismissed for failure

18          to comply with a court order.  Local Rule 110.

19

20  IT IS SO ORDERED.

21  Dated:    March 3, 2010                              /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27         [1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The
28  proper documentation to provide would be a copy of the Petition filed in the California Supreme Court that includes
    the claim now presented and a file stamp showing that it was indeed filed in that Court.

3